CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 25 20??
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

BLAKE WINGATE,

                Plaintiff,

-against-

City of New York; Captain TAWIAH GRVC;
C.O. CALDWELL GRVC; Captain BOYD #1083
GRVC; C.O. WALKER #18637 GRVC;
Civilian JOHNSON GRVC; Deputy MATTHEWS
GRVC; Captain JANKES GRVC; C.O. CAMACHO
#2753 GRVC; C.O. HAMIL#17745 GRVC; C.O.
BEEN GRVC,

                Defendants.
-------------------------------------------------------X

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM
AND ORDER
14 CV 4316 (ARR)

ROSS, United States District Judge:

On July 7, 2014, plaintiff Blake Wingate, currently incarcerated at the George R. Vierno Center (GRVC) on Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983. The court grants plaintiff's request to proceed *in forma pauperis*. The complaint is dismissed as set forth below.

### Background

Plaintiff is no stranger to the federal courts. He has filed over 25 *pro se* complaints in the federal district courts, including this Court and the Southern District of New York. Plaintiff's handwritten allegations are difficult to read, but he appears to allege that he was denied law library access and services. He further alleges that his prison classification was changed from minimum to medium without a hearing or any process. Finally, plaintiff alleges that the commissary purchase limits based on a prisoner's classification is unlawful.

Around the same time, plaintiff filed two more cases in this court. *See Wingate v. City of New York, et al.*, No. 14 CV 4063 (ARR) (LB) (filed June 27, 2014) and *Wingate v. City of New York, et al.*, No. 14 CV 4007 (ARR) (LB) (filed June 25, 2014).

## **Standard of Review**

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Nonetheless, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

### A. Prison Classification and Prison Commissary

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that the defendant deprived him of a federal or constitutional right while acting under the color of law. *Haywood v. Drown*, 556 U.S. 729, 731 (2009). Here, plaintiff's claims concerning his prison classification and prison commissary access do not rise to the level of a federal or constitutional violation. Prisoners, including pretrial detainees, do not have a protected liberty interest in assignments of a particular prison classification, *Palacio v. Pagan*, 345 F. App'x 668, 669 (2d Cir. 2009); *Taylor v. Levesque*, 246 F. App'x 772, 774 (2d Cir. 2007), nor do they have a constitutional right to the use of a prison commissary, *Whitenack v. Armor Med.*, No. 13 CV 2071 (SJF), 2013 WL 2356110, at *4 (E.D.N.Y. May 28, 2013) (because a prisoner does not have a "constitutional right to access a prison commissary," any complaints regarding prices and selection do not make out a constitutional violation) (quoting *Mitchell v. City of N.Y.*, No. 10 Civ. 4121 (PKC), 2011 WL 1899718, at *2 (S.D.N.Y. May 13, 2011)); *Davis v. Shaw*, No. 08 Civ. 364 (NRB), 2009 WL 1490609, at *1 (S.D.N.Y. May 20, 2009). Therefore, plaintiff's claims concerning his prison classification and his ability to purchase items at the prison commissary, as well as the defendants named in those claims, are dismissed as they fail to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii).

### B. Law Library Access

#### 1. City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant,

3

such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Plair v. City of N.Y.*, 789 F.Supp.2d 459, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard . . . ."). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. Therefore, plaintiff has not made the required showing to confer *Monell* liability on the City of New York and the claims against the City of New York are dismissed. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

2. Law Library Access

Plaintiff alleges that C.O. Caldwell, C.O. Kelly, C.O. Walker and civilian Johnson have deprived plaintiff of access to the law library and also deprived him of copies, postage and services in retaliation for filing grievances against these officers. These claims are similar to claims filed in *Wingate v. City of New York, et al.*, No. 14 CV 4063 (ARR) (LB) (filed June 27, 2014) (pending). In order to conserve judicial resources, these claims are dismissed, without prejudice, as no useful purpose would be served in allowing these duplicate claims to proceed when there is a similar action filed by plaintiff that is currently pending. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Plaintiff is advised that he may file an amended complaint in No. 14 CV 4063 (ARR) (LB) within the time allowed under Rule 15 of the Federal Rules of Civil Procedure should he wish to include additional defendants or related claims in that action.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii). The complaint alleging the denial of law library access and services and postage limits is dismissed without prejudice as set forth above. Plaintiff's application for *pro bono* counsel is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: July 25, 2014
Brooklyn, New York

5